# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LERMA-MAYORAL,<br><br>                                   Plaintiff,<br>  vs.<br>CITY OF EL CENTRO, et al.,<br><br>                                 Defendants. | CASE NO. 15cv818-LAB (PCL)<br><br>**ORDER CONSTRUING AMENDED COMPLAINT** |

On March 29, 2016, the Court granted Defendants' motion to dismiss, but gave Plaintiff Martin Lerma-Mayoral leave to file an amended complaint that corrected the deficiencies the order identified. The order particularly identified ambiguities the amended complaint was required to address:

> In particular, any amended complaint must say plainly whether Lerma-Mayoral was shot or otherwise physically injured during the incident, and must clearly state how he was injured. The Court has construed the complaint to mean that Lerma-Mayoral was in fact shot (or at least physically injured in some way, such as by flying glass or debris). The absence of physical injury would put his claims in an entirely different light, so it is crucial that Lerma- Mayoral make this clear.

(Order, Docket no. 13, at 8:25–9:5.)

Lerma-Mayoral has now filed an amended complaint, but it is little better than the original. It mentions "injuries," but does not make clear whether those are physical injuries. In one place, the Amended Complaint says Lerma-Mayoral suffered only emotional injuries.

(Am. Compl., Docket no. 13, ¶ 20.) In another, it says he suffered physical injuries, but fails to explain what kind, or what the cause was (*e.g.*, whether he was shot, injured by flying debris, or something else).[1]  (*Id*., ¶ 20.) And in another place it says he incurred costs hiring doctors to "examine and treat his emotional injuries," and also costs for other unspecified "emergency treatment" and "other incidental medical expenses." (*Id*., ¶ 29.)  What type of medical care this is referring to is left unexplained.

The amended complaint also fails to make clear whether Lerma-Mayoral was actually targeted, and whether he was shot.  It says law enforcement officials shot at him, "nearly missing" him.  (Am. Compl., Docket no. 15, ¶ 43.)  It is unclear whether this means they narrowly missed him or whether it means they almost failed to hit him (*i.e.*, that they were trying to kill him but only superficially injured him.)  In various places it alleges they targeted him or shot at him, and in others it alleges they merely shot in his direction or into his vehicle. (*Compare id*. ¶¶ 2, 15, 91 (alleging Defendants "shot at" him) and ¶ 16 (alleging that just before the shooting began Defendants pointed their firearms' laser sights at him); with ¶¶ 17, 43, 49, 96, 98 (alleging they shot at or into his vehicle).)  The Amended Complaint also refers to "excessive force and brutality," "excessive and deadly force," and "force used upon him." (*Id*., ¶¶ 2, 49), implying that the officers actually shot him.[2]  Elsewhere it says no bullets hit him.  (*Id*. ¶ 17.)T

The Amended Complaint also says, in on place, that officers fired multiple rounds through the driver's side window (where he was sitting).  (Am. Compl. ¶ 17.)  But in another, it says a single bullet passed through the driver's side window.  (*Id*., ¶ 98.)

---

[1] The Amended Complaint alleges that Defendants failed to properly train officers to take steps to prevent detainees from attempting suicide or injuring themselves. (*Id*., ¶ 50.) Because no suicide attempt or self-injury is mentioned elsewhere, it is unclear why this allegation is included, and whether Lerma-Mayoral is suing over self-inflicted injuries that he believes Defendants had a duty to prevent.

[2] As the Court's order noted, merely pointing a firearm at someone for no reason can, depending on the circumstances, amount to excessive force. *See Tekle v. United States*, 511 F.3d 839, 845 (9th Cir. 2007); *Robinson v. Solano County*, 278 F.3d 1007, 1014 (9th Cir. 2002) (en banc). But by mentioning "brutality" and force being "used on" Lerma-Mayoral, and that the force used was "deadly," the Amended Complaint suggests the force was more than merely pointing of firearms.

All this affects both the nature and plausibility of the Amended Complaint's claims, which are important considerations at the pleading stage. *See Bell Atlantic Corp. v. Twombly*, 550 US. 544, 555 (2007) (explaining that a plaintiff must plead enough fact to give fair notice of what his claim is and on what grounds it rests.) *See also id.* at 558 ("[S]ome threshold of plausibility must be crossed at the outset" before a case is permitted to proceed). Specifically, is Lerma-Mayoral alleging that the officers targeted him and fired a hail of bullets at him? If so, is he alleging that he was physically injured either by a bullet or in some other way, such as by flying debris? Or is he alleging that the officers were shooting into the vehicle, at his passenger, and not trying to hit him? Even if the officers were not shooting at him, Lerma-Mayoral may still have a claim, but it is a different kind of claim.

Defendants are entitled to know the nature of the claims against them, and the alleged grounds of those claims. *See Twombly*, 550 US. at 555. *See also Toguchi v. Matayoshi*, 2015 WL 1778366, at *5 (D. Haw., Apr. 17, 2015) (holding that defendants in intentional infliction of emotional distress case, before they could be expected to respond, were entitled to know what specific conduct is alleged to support the claim, when it occurred, and why that conduct rises to the level of the outrageous).

Moreover, the Court is under a continuing obligation to confirm its own jurisdiction, particularly in removed cases such as this one. *See Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). If it becomes clear Lerma-Mayoral cannot maintain any federal claim, the case would likely need to be remanded. Without knowing what Lerma-Mayoral's claim really is, the Court cannot carry out its obligations.

The Court therefore proposes to treat the following allegations as abandoned:

a. that officers intended to or tried to shoot Lerma-Mayoral

b. that Lerma-Mayoral was hit by any bullets, flying debris, or anything else

c. that Lerma-Mayoral was physically injured by the acts or omissions alleged.

The Court proposes to construe the Amended Complaint as alleging that Lerma-Mayoral suffered purely emotional injuries, that officers were trying to (and did) shoot his passenger

/ / /

and not him when they fired into the vehicle, and that officers only briefly pointed their weapons at him before the shooting began.

If Lerma-Mayoral disagrees with the Court's proposed construction of his Amended Complaint in any way, he may file a second amended complaint, which must plainly allege facts to clear up the ambiguities noted in this order and in the March 29 order. His second amended complaint, if any, must be filed by **May 12, 2016**.

**IT IS SO ORDERED**.

DATED: April 29, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge