UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin Lerma-Mayoral,<br><br>    Plaintiff,<br><br>v.<br><br>City of El Centro et al.,<br><br>    Defendants. | Civil No. 15cv818 LAB (PCL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (Doc. 48)** |

## I. INTRODUCTION

On April 24, 2017, Plaintiff Martin Lerma-Mayoral filed a motion for leave to amend his complaint to add one new defendant to Plaintiff's Second Amended Complaint. (Doc. 48.) The Court reviewed the motion and supporting documents and determined that this matter is suitable for decision without oral argument.

For the reasons set forth below, Plaintiff's motion to amend the complaint is GRANTED.

## II. DISCUSSION

A. Legal Standards

1. Standard for Amending the Pleadings under Federal Rule of Civil Procedure 16(b)

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(4). Once in place, "[a] schedule may be modified only for good cause and with the

judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (internal citation and quotation marks omitted).

Good cause may be found to exist where the moving party shows, for example, that it: 1) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order; or 2) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order. "If [the] party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609. If the Court finds that there is good cause to modify the schedule, the Court then turns to Rule 15(a) to determine whether the amendment sought should be granted. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("As the Ninth Circuit explained in [Johnson], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

2. Standard for Amendment under Federal Rule of Civil Procedure 15(a)

Federal Rule of Civil Procedure 15 provides that a party may amend its pleadings only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1-2). The factors commonly considered to determine the propriety of a motion for leave to amend are: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; and 4) futility of the amendment. Forman v. Davis, 371 U.S. 178, 182 (1962).

B. Analysis

The Court issued a scheduling order on December 20, 2016, and set deadlines, including the motion to amend cutoff date of January 16, 2017. The Court subsequently amended the case management order and extended the pretrial conference date to November 2017. Plaintiff is now asking to extend the motion to amend cutoff and to permit the filing of a Third Amended Complaint. (Doc. 48.)

As noted above, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether good cause exists to modify a scheduling order rests on whether the

party seeking the modification has been diligent. See Johnson, 975 F.2d at 609. Here, the Court finds that Plaintiff has been diligent seeking amendment and that the addition of one defendant will not be unduly burdensome to Defendants. Accordingly, Plaintiff's motion to amend the complaint is GRANTED under Fed. R. Civ. P. 15(a). Plaintiff must file the amended complaint with the sole addition of Officer Rafael Peraza by May 12, 2017.

    IT IS SO ORDERED.

DATED: May 5, 2017

Peter C. Lewis
U.S. Magistrate Judge
United States District Court